UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JACKIE JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:08CV1001 HEA |
| | ) |
| COURTNEY SCOTT, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**OPINION, MEMORANDUM AN D ORDER**

This matter is before the Court on Defendants' Motion to Dismiss or, in the Alternative, to Stay Proceeding and Compel Arbitration, [Doc. No. 8]. Plaintiff opposes the Motion and has filed a written opposition thereto, and has requested the imposition of sanctions against Defendants for filing the motion. For the reasons set forth below, the Motion to Stay and Compel Arbitration is granted and the request for sanction is denied.

**Facts and Background**[1]

Plaintiff filed this suit in the Circuit Court for the City of St. Louis, Missouri alleging the following: Plaintiff is in the business of bringing musical artists and

---

[1] The recitation of facts is taken from the Petition and is set forth for the purposes of this Order only. It in no way relieves the parties of any obligation of proving the facts in later proceedings.

other talent to St. Louis to perform at various night spots in the City. Defendants Trill Entertainment, LLC, Trill Studios, LLC, Trill Productions, LLC, Trill Management, LLC, and United Bookings, LLC, (the Trill Companies), are related and/or affiliated companies which operate together to produce, distribute, market and publicize recordings and other works of Defendant Torrance Hatch, a/k/a Lil Boosie and other artists. Defendant Scott is an owner, representative and/or agent of the Trill Defendants and served as an agent for Lil Boosie. The Petition further alleges that Scott took the alleged actions on behalf of herself and one or more of the Trill Defendants.

In early 2008, Plaintiff desired to bring Lil Boosie to perform at the Spotlight Club. Defendant Scott was contacted to determine whether Scott and the Trill Companies still represented Lil Boosie and could assist Plaintiff in her efforts to contract with Lil Boosie for such an appearance. Scott represented that she and the Trill Defendants still represented Lil Boosie and had the authority to act on his behalf and to commit him to in St. Louis at an agreed upon date and an agreed upon location.

Plaintiff and Scott engaged in a series of discussions the result of which was that Scott represented to Plaintiff that if she would commit to expend time, money and efforts promoting Lil Boosie, the Trill Company label and Lil Boosie's recently

released recordings, the Trill Companies would cause Lil Boosie to appear in St. Louis pursuant to an agreement with Plaintiff. Plaintiff agreed to do so.

On February 20, 2008, Scott provided a written agreement to Plaintiff on behalf of Defendant United Bookings, and indicated that she and the Trill Companies would further fulfill the terms of the agreement to cause Lil Boosie to appear upon execution of the agreement. Scott represented that Lil Boosie would sign the agreement. Plaintiff, alleging reliance on these representations, signed the agreement. Scott herself signed on the space provided for the "Artist." Scott allegedly represented, on behalf of herself and the Trill Companies, that she signed the agreement with the authority of, and on behalf of, Lil Boosie, and that they had the authority and ability to, and had committed to and would, cause Lil Boosie to appear. Defendants Scott and the Trill Companies continued to so represent and encouraged Plaintiff to continue promoting the appearance.

Shortly before the scheduled appearance of March 28, 2008, Scott and the Trill Companies notified Plaintiff that Lil Boosie would not appear. Lil Boosie did not appear at the Spotlight Club. Scott and the Trill Companies, however, allegedly caused him to appear a few weeks later at the Scott Trade Center in St. Louis, Missouri.

Plaintiff brings four separate claims: Count I is brought based on Fraudulent

Misrepresentation against Scott and the Trill Companies; Count II alleges Negligent Misrepresentation and is brought against all defendants; Count III, brought against Scott and the Trill Companies, is based on breach of an alleged oral contract between Plaintiff and these defendants; Count IV is based on an equitable theory of Unjust Enrichment and is brought against all defendants alleging that they received the benefit of Plaintiffs efforts in promoting the appearance.

Defendants removed the matter to this Court based on diversity of citizenship jurisdiction. 28 U.S.C. §1332. Jurisdiction on this basis is not disputed, since there is complete diversity between all of the parties and the amount in controversy exceeds $75,000. Rather, Defendants contend that this matter is subject to mandatory arbitration and they now move to dismiss or alternatively to stay the proceedings and compel arbitration.

## Discussion

The written agreement to which Plaintiff refers in her Petition contains two specific arbitration clauses, *to wit*:

> 7. (c) Any Claim or dispute arising out of or relating to this Agreement or breaching thereof shall be governed by the laws of the State of Louisiana and settled by arbitration in Baton Rouge, Louisiana in accordance with the rules and regulations of the American Arbitration Association. The parties hereto agree to be bound by the award in such arbitration and judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

> 24. Any claim or dispute arising out of or relating to this Agreement or the breach thereof shall be settled by arbitration with the rules and regulations of the American Arbitration Association. The parties hereto agree to be bound by the award in such arbitration and judgment upon the award rendered by the arbitrators may be entered into any court having jurisdiction.

Defendants argue that these provisions encompass the claims set forth in the Petition and therefore, arbitration is mandatory. Plaintiff disputes this, arguing that the Petition does not allege a breach of the written agreement, nor does it raise any claims with regard to the written agreement, and therefore she is not subject to arbitrating these claims. Furthermore, Plaintiff argues that Scott and the Trill Companies cannot force arbitration by reason of the fact that they are not parties to the written agreement. With respect to Lil Boosie, Plaintiff argues that he did not sign the agreement, rather, the signature is that of Scott, and Scott is not the "Artist" with whom the agreement was made.

The Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, provides a court with authority to compel arbitration where a party has refused to comply with an arbitration agreement. 9 U.S.C. § 4. See *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 105 S.Ct. 3346, 3353, 87 L.Ed.2d 444 (1985). In making this determination, the Court must take into account the strong policy favoring arbitration as a method of settling disputes:

> [Q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration. . . The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. . .

*Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 941, 74 L.Ed.2d 785 (1983), *superseded by statute on other grounds*.

The broad phraseology of the arbitration provisions-"any claim or dispute arising out of or relating to this Agreement or breaching thereof"-encompasses the claims pled by Plaintiffs here. Plaintiffs allege Defendant Scott and the Trill Companies were acting on behalf of, and as agent for, Lil Boosie. "An agent is subject to the same contractual provisions, including arbitration contracts, to which the principal is bound." *Nitro Distributing, Inc. v. Alticor, Inc.*, 453 F.3d 995, 999 (8th Cir.2006), *citing Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 7 F.3d 1110, 1121 (3rd Cir.1993). ["Because a principal is bound under the terms of a valid arbitration clause, its agents, employees, and representatives are also covered under the terms of such agreements."].

Furthermore, "[a] nonsignatory can enforce an arbitration clause against a signatory to the agreement in several circumstances[,]" both of which are present here. *CD Partners,* 424 F.3d at 798. The first circumstance relates to the

relationship between the nonsignatory defendants and the absent signatory, and is found where that relationship is "sufficiently close that only by permitting the nonsignatory to invoke arbitration may evisceration of the underlying arbitration agreement between the signatories be avoided." *Id., quoting MS Dealer Serv. Corp. v. Franklin,* 177 F3d. 942, 947 (11th Cir.1999). Such is the case here, since the relationship is that of agent-principal. The second circumstance is present when the signatory relies on the terms of the written agreement containing the arbitration clause in asserting its claims against the nonsignatory. *Id.* Plaintiff's Petition herein references the underlying written agreement in support of her assertions that Defendants made fraudulent and negligent misrepresentations, breached an "oral" agreement and were unjustly enriched by Plaintiff's efforts which were contemplated by the written agreement itself.

For all the foregoing reasons, the Court concludes that Defendants may invoke arbitration rights against Plaintiff to the extent that Lil Boosie, the signatory to the written agreement, could invoke such rights.[2]

---

[2] Having reached this determination on the basis of agency principles, the Court need not and does not address the parties' arguments concerning Defendants' potential third-party beneficiary status.

Likewise, "[a]rbitration must be compelled where a tort claim arises directly out of a dispute regarding the terms of the parties [sic] contractual relation, *see Coudert v. Paine Webber Jackson & Curtis*, 705 F.2d 78, 81-82 (2d Cir. 1983). (defamatory statements), or where the statements giving rise to a tort claim are integrally linked to the contractual relation between the parties, *McMahon v. RMS Electronics, Inc.*, 618 F.Supp. 189, 192[6] (S.D.N.Y. 1985)." *Greenword v. Sheffield*, 895 S.W.2d 169, 174-74 (Mo.App. S.D. 1995).

Under the *Greenwood* standard, this action is indivisibly connected to the contractual relation between the parties. The written agreement is the very essence of the disputed matters. But for the written agreement, Plaintiff would not have taken the actions she allegedly took, *e.g.,* expending her own money and good will promoting the Lil Boosie performance. Moreover, the agreement provided the who, where, when, and how much was to be paid for the Lil Boosie performance. Plaintiff cannot now contend that her claims are not indivisibly connected to the written agreement. Without the written agreement, Plaintiff would have no basis upon which to bring her claims, and therefore, arbitration under the arbitration clause of the agreements must be compelled. The Motion to Stay and to Compel Arbitration is therefore **GRANTED**.

Accordingly,

**IT IS HEREBY ORDERED** that the Alternative Motion to Stay Proceeding and Compel Arbitration, [Doc. No. 8], is **GRANTED**.

**IT IS FURTHER ORDERED** that the request for sanction is **DENIED**.

**IT IS FURTHER ORDERED** that this matter is stayed pending arbitration of the claims presented herein.

Dated this 29th day of September, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE