UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JACKIE JOHNSON, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:08CV1001 HEA |
| COURTNEY SCOTT, et al., | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to for Reconsideration of Court's September 29, 2008 Opinion, Memorandum and Order or Alternatively, Motion for Certification of Order as being Eligible for Immediate Appellate Review, [Doc. No. 15]. Defendants oppose the Motion. For the Reasons set forth below, the Motion is denied.

On September 29, 2008, the Court granted Defendants' Motion to compel arbitration pursuant to a written arbitration agreement entered into between Plaintiff and Defendant Torrance Hatch, a/k/a Lil Boosie. Plaintiff asks the Court to reconsider its ruling and deny the Motion. Plaintiff argues that the Court's application of *CD Partners, L.L.C. v. Grizzle*, 424 F.3d 795 (8th Cir. 2005) was incorrect by attempting to distinguish the facts of that case from the facts of the instant case.

The Federal Rules of Civil Procedure "do not mention motions for reconsideration." *Broadway v. Norris,* 193 F.3d 987, 989 (8th Cir.1999). However, the Eighth Circuit Court of Appeals has "determined that motions for reconsideration are 'nothing more than Rule 60(b) motions when directed at non-final orders.' *Anderson v. Raymond Corp.,* 340 F.3d 520, 525 (8th Cir.2003) (citing *Broadway,* 193 F.3d at 989)." *Elder-Keep v. Aksamit,* 460 F.3d 979, 984 - 985 (8th Cir 2006). (As noted in the footnote, "The plain language of Rule 60 states that it applies to 'a final judgment, order, or proceeding.' The district court 'may' relieve a party from such an order when, for example, the party demonstrates 'mistake, inadvertence, surprise, or excusable neglect' or 'any other reason justifying relief from the operation of the judgment.' Fed.R.Civ.P. 60(b)(1), (6)." *Id.*, Footnote 5).

Rule 60(b) allows a party to seek relief from a final judgment or order if the party can prove mistake, inadvertence, surprise, excusable neglect, fraud, the judgment is void, or for "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). Such relief, however, is an "extraordinary remedy" that is only justified by "exceptional circumstances." *Watkins v. Lundell*, 169 F.3d 540, 544-45 (8th Cir. 1999). Further, Rule 60(b) is "not a vehicle for simple reargument on the merits." *Broadway*, 193 F.3d at 990.

Plaintiff has not established that the September 29, 2008 Order was in error. As previously discussed, nonsignatories to an arbitration agreement can compel arbitration if certain factors are satisfied. The Court articulated its reasoning in finding that the nonsignatories to the Arbitration Agreement could require the issues raised herein to be submitted to arbitration. Plaintiff has not presented new evidence nor has she demonstrated that the September 29, 2008 Opinion Memorandum and Order was clearly erroneous. Plaintiff merely disagrees with the Court's ruling and reargues her previously presented position. This is an insufficient basis upon which to reconsider the Court's decision.

Plaintiff alternatively seeks a certification for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Section 1292(b) provides the requirements necessary for certification of an interlocutory order for appeal:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

This provision sets forth three requirements that must be met before a district court opinion may be certified for interlocutory appeal. *White v. Nix,* 43 F.3d 374, 377 (8th Cir.1994). Specifically, "the district court must be of the opinion that (1) the order involves a controlling question of law; (2) there is substantial grounds for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." *Id. See also SBL v. Evans,* 80 F.3d 307, 309-310 (8th Cir.1996). The Eighth Circuit has also emphasized that "it is the policy of the courts to discourage piecemeal appeals because most often such appeals result in additional burdens on both the court and the litigants." *White,* 43 F.3d at 376. *See also Control Data Corp. v. International Business Machines Corp.,* 421 F.2d 323, 325 (8th Cir.1970) ("It has, of course, long been the policy of the courts to discourage piecemeal appeals...."). In accordance with the policy of discouraging interlocutory appeals, "§ 1292(b) should and will be used only in exceptional cases where a decision on appeal may avoid protracted and expensive litigation...." *White,* 43 F.3d at 376. In reaching this determination, the burden is on the movant "to demonstrate that the case is an exceptional one in which immediate appeal is warranted." *Id.* It is within the trial court's discretion to grant or deny a motion for interlocutory appeal, and also within the discretion of the court of appeals to certify the appeal. *Id.* A district court's grant of interlocutory appeal must be in writing, and must state the basis for the interlocutory appeal. *Federal Deposit Ins. Corp. v.*

*First Nat. Bank of Waukesha, Wis.*, 604 F.Supp. 616, 620 (D.Wis.1985) ("he shall so state in writing in such order."). Furthermore, the application for appeal "shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b).

Plaintiff does not set forth her reasons for seeking an immediate appeal, rather, she merely request that the Court certify the Order as "eligible for immediate appellate review." Plaintiff has not met her burden of establishing that the three determinative factors for certification have been met. Based on the Court's own review of the Order, the Court concludes that none of these factors have been met and therefore the alternative request for certification will be denied.  argues that the Order denying dismissal all the requirements for certification. The Court however, disagrees. Quite evident from the Court's ruling that the basis was the holding in *Heideman* that the applicable limitations period for a Section 510 interference case was the state statute governing contract cases. While Defendant argues that there is substantial ground for differences of opinion regarding what the applicable limitation period should be, the Court's ruling is based on the only Eighth Circuit opinion discussing the issue. This Court is required to follow Eight Circuit precedent and the mere fact that Defendant disagrees with this holding, and has pointed out other courts which have held differently, does not satisfy this requirement. The Court's opinion is consistent with *Heideman*, and there has been no showing by Defendant

that there is substantial ground for a difference of opinion in the Eighth Circuit. Defendant therefore, cannot satisfy all of the prerequisites of certification.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion to for Reconsideration of Court's September 29, 2008 Opinion, Memorandum and Order or Alternatively, Motion for Certification of Order as being Eligible for Immediate Appellate Review, [Doc. No. 15], is **DENIED**.

Dated this 5th day of January, 2009.

_____
    HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE